UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| PABLO SANCHEZ, | : | |
| | : | CASE NO. 1:19-cv-02133 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 40] |
| MEGAN J. BRENNAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Pablo Sanchez sued the United States Postal Service ("USPS") for alleged race-based employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964.[1]  On April 27, 2021, this Court granted Defendant's motion for summary judgment.[2]  Later that day, Plaintiff filed a notice accepting Defendant's earlier Federal Rule of Civil Procedure 68 settlement offer.[3]  Unbeknownst to the Court at the time summary judgment was given, Defendant had made a Rule 68 offer on April 23, 2021.[4]

Defendant USPS now seeks to strike Plaintiff's notice of acceptance and argues that Plaintiff cannot accept the Rule 68 offer after the Court granted summary judgment in Defendant's favor.[5]

For the following reasons, the Court **DENIES** Defendant's motion to strike.  Although it is a close question, Plaintiff may accept Defendant's settlement offer.

---

[1] Doc. 1; 42 U.S.C. § 2000e.
[2] Doc. 37.
[3] Doc. 38.
[4] *See* Doc. 37.
[5] Doc. 40.

Case No. 1:19-cv-02133
Gwin, J.

## I.    Background

Now-retired Plaintiff worked more than thirty years as a letter carrier for Defendant Postal Service.[6]

In 2009 and 2010, Plaintiff Sanchez contended that Defendant retaliated against him for his previous Equal Employment Opportunity ("EEO") activity.  Accordingly, Plaintiff filed another EEO complaint.  An administrative law judge held a hearing on Plaintiff's complaint in 2012 and issued a 2019 decision in Sanchez's favor.[7]

Plaintiff's federal lawsuit followed the administrative law judge's ruling.[8] This Court ultimately granted summary judgment in Defendant's favor on Plaintiff's retaliation claim.[9]

This case involved large effort and expenses for the parties.  With shifting fees and expenses and little direct damages, Defendant Postal Service faced the potential that the shifting expenses would outpace any actual damages.

The parties discussed settlement before the Court granted summary judgment.  On April 23, 2021, Defendant made a Rule 68 offer.[10]  On April 27, 2021, Plaintiff made a counteroffer at 9:42 am.[11]  Then, at 10:58 am that day, the Court filed its summary judgment decision.[12]  That afternoon, Plaintiff filed a notice accepting Defendant's Rule 68 settlement offer.[13]  Defendant now seeks to strike Plaintiff's acceptance notice.[14]

---

[6] Doc. 1 at 2; Doc. 32-1 at 2.
[7] Doc. 32-1 at 7.  The administrative law judge awarded Sanchez $7,500.  *Id.  See also* Doc. 33 at 8–10.
[8] Doc. 32-1 at 8.
[9] Doc. 37.
[10] Doc. 38-1.
[11] Doc. 40-1 at 9.
[12] *See* Doc. 37 docket entry and receipt.
[13] *See* Doc. 38 docket entry and receipt.
[14] Doc. 40.

Case No. 1:19-cv-02133
Gwin, J.

## II.    Discussion

There is no controlling Sixth Circuit law to address this situation.  There are two key questions: (1) Was Defendant's Rule 68 settlement offer irrevocable? and (2) Did the Court's summary judgment decision preclude Plaintiff from accepting Defendant's Rule 68 offer?

Federal Rule of Civil Procedure 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.[15]

The First, Fourth, Seventh, and D.C. Circuits consider Rule 68 offers irrevocable.[16]  Defendant highlights that the Sixth Circuit applied "general contract principles" in one specific Rule 68 instance to determine if a response to an offer was a counteroffer or an acceptance with additional requests.[17]  But the Circuit has not ruled on Rule 68 offers' irrevocability.  In fact, in *Agema v. City of Allegan*, which Defendant cites, the Circuit explicitly said that it "need not reach the parties' arguments about whether [Rule] 68 offers are irrevocable."[18]

By its plain language, Rule 68 does not place conditions on an offer.  It does not

---

[15] Fed. R. Civ. P. 68(a).

[16] *Garayalde-Rijos v. Mun. of Carolina*, 799 F.3d 45 (1st Cir. 2015); *Webb v. James*, 147 F.3d 617 (7th Cir. 1998); *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760 (D.C. Cir. 1995); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236 (4th Cir. 1989) (finding Rule 68 offers irrevocable but for fraud); *see also Manring v. Dollar Tree Stores, Inc.*, No. 2:16-cv-549, 2017 WL 3669092, at *1 (S.D. Ohio Apr. 21, 2017); *Fisher v. Stolaruk Corp.*, 110 F.R.D. 74 (E.D. Mich. 1986).

[17] Doc. 42 at 2–3 (citing *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016)).

[18] *Agema*, 826 F.3d at 334.

Case No. 1:19-cv-02133
Gwin, J.

provide for withdrawal or revocation.  Traditional contract law principles would allow a party to withdraw a not-yet-accepted offer, but that is not the case with Rule 68.[19]  This could reflect the fact that plaintiffs receiving an offer have a difficult choice to accept, counter, or reject an offer where, as here, the plaintiff likely absorbed more in fees and costs.

It is a close question but the Court is persuaded that, in the absence of controlling law otherwise, Defendant made an irrevocable offer on April 23, 2021.[20]  Plaintiff accepted that offer on April 27, 2021.[21]

Defendant also argues that Plaintiff's April 27, 2021, counteroffer amounted to a rejection of Defendant's Rule 68 offer.[22]  This would be true under general, non-irrevocable contract principles.  Here, however, a counteroffer to an irrevocable offer is not a rejection.[23]  The offer stood despite Plaintiff's communication.

Finally, the Court cannot say that summary judgment nullifies a Rule 68 offer, even though it is unusual for a summary judgment decision to interrupt a Rule-68-offer window.

On one hand, in *Perkins v. U.S. West Communications*, the Eighth Circuit permitted a Plaintiff to accept a Rule 68 offer after summary judgment in Defendant's favor.  The Court said that the offer was not conditioned on the absence of a summary judgment decision.  Defendant assumed the risk that the Court would rule on summary judgment

---

[19] 1 Williston on Contracts § 5:8 (4th ed.) ("[O]ffers . . . may be revoked by the offeror at any time prior to the creation of a contract by acceptance.").

[20] Doc. 38-1.

[21] Doc. 40-1 at 9.

[22] Plaintiff's language suggests a counteroffer to Defendant's $10,000 Rule 68 offer, not an outright rejection: "Closure, in instances of discrimination, is a valuable commodity.  Plaintiff is willing to reduce his settlement demand to $18,000.00."  *Id.*

[23] *Garayalde-Rijos*, 799 F.3d at 47 (citing Restatement (Second) of Contracts § 37 (Am. Law Inst. 1981)).

-4-

Case No. 1:19-cv-02133
Gwin, J.

while its Rule 68 offer was open.[24]

On the other hand, the Eleventh Circuit called *Perkins* "unpersuasive" and ruled that a Plaintiff could not accept a Rule 68 offer after an unfavorable summary judgment decision.[25]  The Eleventh Circuit said that Rule 68 applies to parties "defending a claim." A summary judgment decision, however, "ends the operation of [a] Rule 68(a)" offer and there is no claim left to defend.[26]

In *Day v. Krystal Co.*, one district court in the Sixth Circuit did not permit a Plaintiff to accept a Rule 68 offer after the court granted summary judgment in Defendant's favor.[27] The court reasoned that Rule 68 is meant to encourage settlement, but an attempt to settle post-summary-judgment frustrates the Rule's purpose.[28]  A plaintiff should not get the chance to pick and choose its outcome because "it would essentially allow Plaintiff to nullify a summary judgment and would hold Rule 68 to be of higher esteem than [summary judgment] Rule 56."[29]

But in allowing a Rule 56 judgment to cut off a Rule 68 offer, the *Day* court gave Defendant offeror an unwarranted advantage and an escape hatch out of an irrevocable offer.  It does not make sense to deny Plaintiff a full opportunity to consider and accept a Rule 68 offer only because the Court was not aware of the parties' Rule-68-offer timing.

---

[24] 138 F.3d 336 (8th Cir. 1998).
[25] *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1284 (11th Cir. 2018).
[26] *Id.* ("Rule 68(a) requires the *clerk*, as a ministerial act, to enter a judgment that a defendant has 'offer[ed] to allow' while 'defending against a claim.' . . .  A defendant is no longer 'defending against a claim' after a district court enters a final judgment in its favor. Like the commencement of trial, the entry of a final judgment ends the operation of Rule 68(a).").
[27] *Day v. Krystal Co.*, 241 F.R.D. 474, 477–49 (E.D. Tenn. 2007); *see also* *Smith v. Se. Pa. Transp. Auth.*, 248 F.R.D. 300 (E.D. Pa. 2009).
[28] *Day*, 241 F.R.D. at 478.
[29] *Id.*

Case No. 1:19-cv-02133
Gwin, J.

As the Eighth Circuit in *Perkins* explained, Defendant made a strategic decision to put forth the offer and "assumed the risk that the District Court would rule favorably on Defendant's summary judgment motion."[30]

It is a close question, but the Court permits Plaintiff to accept Defendant's Rule 68 offer.

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to strike.

IT IS SO ORDERED.

Dated:  June 21, 2021                          *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[30] *Perkins*, 138 F.3d at 339–40 ("Because the offer was not conditioned upon the District Court's not granting [Defendant]'s motion for summary judgment prior to [Plaintiff]'s acceptance of the offer, [Defendant] assumed the risk that the District Court would rule favorably on [Defendant]'s summary judgment motion during the ten-day period for acceptance of its Rule 68 offer. [Defendant] took the chance that it could bring an end to this litigation for $3,000 (plus costs, interest, and attorney fees) pursuant to its Rule 68 offer and was unpleasantly surprised to find that, had it waited for the District Court's ruling on the summary judgment motion, it could have brought an end to this litigation for much less.")